USDC DNJ
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 23, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: COURT OPERATIONS UNDER THE : <br> EXIGENT CIRCUMSTANCES CREATED : **SECOND EXTENSION OF** <br> BY COVID-19 : **STANDING ORDER 2020-12** | |

     **WHEREAS,** a National Emergency has been declared and the Governor of the State of New Jersey has declared a State of Emergency and a Public Health Emergency in response to the coronavirus (COVID-19) pandemic; and

     **WHEREAS**, the Centers for Disease Control and Prevention (CDC) and other public health authorities have advised and continue to advise taking precautions to reduce the possibility of exposure to COVID-19 and to slow the spread of the disease by, among other things, limiting sustained group gatherings of people, maintaining six feet of physical distance from others ("social distancing"), and limiting sustained indoor activities involving spoken presentations; and

     **WHEREAS,** in response to government policy, CDC guidelines and public health advancements, the United States District Court for the District of New Jersey ("Court") has adopted the District of New Jersey COVID-19 Recovery Guidelines ("Recovery Guidelines"), providing for a four-phase approach to reconstituting operations, and is currently in Phase II, with Phase III expected to cover the period of October 1, 2020 through January 4, 2021; and

     **WHEREAS,** Phases II and III of the Recovery Guidelines require the wearing of masks or facial coverings, social distancing, limited elevator occupancy and the observance of instructional signage; and

     **WHEREAS**, on September 17, 2020, this Court entered Standing Order 2020-14, establishing a COVID-19 protocol for all entrants, including prospective jurors, to the courthouses in this District; and

     **WHEREAS**, jury selection in this District frequently involves the necessity for large jury venire pools, often consisting of individuals, in or caring for those in, the age categories identified by the CDC as being particularly at risk, or who are otherwise at substantially enhanced health risks for other recognized reasons, along with individuals required to travel extensively; and

     **WHEREAS**, while governmental public health orders have from time to time been relaxed to a degree, they nonetheless still direct that organizations and institutions take all reasonable steps to secure the public health by complying with applicable recommendations of the CDC and other governmental and health agencies including limitations on the population size of gatherings, sustained indoor gatherings and requiring the use of face coverings, social distancing and other protective measures; and

**WHEREAS**, the process of responding to jury summonses and serving on juries by those employed in essential public functions, including in healthcare operations, those who are at increased risk of COVID-19 due to age or other reason, and those who will face substantial childcare challenges arising from the closure of schools or curtailment of in-person instruction create a serious impact on the capacity of persons so employed or engaged and summoned to serve, increasing substantially the likelihood of the need to summon ever-larger jury venire pools for potential service and potentially diminishing the representative nature of the pool of summoned jurors; and

**WHEREAS**, surveys recently mailed to prospective jurors in this District elicited a low response rate of 48% and those respondents indicated that even with the Court taking precautions consistent with New Jersey and CDC guidelines, 72% would not be comfortable serving as potential jurors and 75% would not feel safe to gather at the courthouse;

**WHEREAS**, the resumption of any jury trials in this Court will in many cases involve the extensive use of juror questionnaires and more complex voir dire processes, which will increase substantially the period of time from the date of initial jury summons to jury selection, along with significant limitations on the number of jury trials that can be conducted at the same time in any one vicinage of the Court in order to meet the goals of public health protocols; and

**WHEREAS**, governmental public health orders have in certain cases materially and substantially impaired or wholly curtailed, and continue to impair, the ability of defense counsel to engage in necessary case and field investigations and client consultations, particularly but not exclusively as to detained defendants;

**WHEREAS**, a substantial number of United States District Courts have continued to pause the resumption of jury trials in light of the above factors, or are only now beginning to conduct one or more limited "test" trials to gauge the efficacy of recommended health and safety protocols, the outcomes of which will inform the sound judgment of this Court in these regards; and

**WHEREAS**, public health officials have advised the Court that with the resumption of some in-person primary and secondary school and college and university attendance, the public health situation in terms of community spread of the COVID-19 virus is uncertain in ways applicable to this Court and its operations; and

**WHEREAS,** the Court continues to monitor its operations to identify measures that will help slow the spread of COVID-19 by minimizing contact between persons, while at the same time, preserving its core mission of serving the public through the fair and impartial administration of justice;

**NOW, THEREFORE,** in order to further public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel and the general public, and in order to reduce the number of gatherings necessarily attendant to trial jury

selection in all vicinages of this Court, and in order to minimize travel by participants in Court proceedings (particularly travel by public conveyance), the Court finds it necessary to extend the continuances and period of exclusion set forth in Extension of Standing Order 2020-12, due to expire on September 30, 2020, and issues the following:

    1.    The Court ORDERS that all civil and criminal jury selections and jury trials shall be continued to January 4, 2021. The Court may issue further Orders or Extensions concerning future general continuances of any matters as may be deemed necessary and appropriate. Jury selections and trials impacted by this Extension may be reset by further Order of the assigned judicial officer.

    2.    Regarding criminal matters, the Court recognizes the trial, procedural and substantive rights of criminal litigants and particularly, their right to a speedy and public trial under the Sixth Amendment (and the particular application of that right in cases involving defendants who are detained pending trial). However, the Court also recognizes the compelling public health and safety issues outlined in this Second Extension of Standing Order 2020-12, and therefore, pursuant to 18 U.S.C. §3161(h)(7)(A), finds that the ends of justice served by taking such action materially outweigh the best interests of the public and the parties in a speedy trial. Accordingly, the Court ORDERS that the time period of March 16, 2020 through January 4, 2021 shall be "excluded time" under the Speedy Trial Act. Having considered the factors outlined in 18 U.S.C. § 3161(h)(7)(B), the Court finds specifically, that the failure to grant such continuance would likely make a continuation of proceedings impossible, or result in a miscarriage of justice. Such exclusion is necessary to assure that in cases going to trial, there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice. Such exclusion of time is also necessary in cases not yet set for trial in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein. The Court may by further Order or Extension extend the period of exclusion as circumstances may warrant, and the assigned judicial officer may, by Order, also do so in connection with any specific proceeding.

    3.    As for criminal cases commenced by complaint, the Court ORDERS that the 30-day period established by 18 U.S.C. § 3161(b), during which the United States must either obtain an indictment or file an information, is continued to January 4, 2021. Again, recognizing the public health and safety issues stated herein, the Court determines that the ends of justice served by granting such a continuance outweigh the best interests of the public and the right of each defendant to a speedy indictment and a speedy trial in a criminal case. Accordingly, the Court also ORDERS that the time period of March 16, 2020 through January 4, 2021 shall be "excluded time" in all criminal proceedings in this District under the Speedy Trial Act, including those proceedings commenced by complaint. The Court further ORDERS that such continuance shall also apply to any time limits established by the Interstate Agreement on Detainers, 18 U.S.C. app. 2, § 2 (art. III).

    4.    The Court ORDERS that the empanelment of new grand juries is no longer restricted

and the selection of a new grand jury is anticipated in each of the three vicinages of this District this fall. Sitting grand juries in each vicinage of the Court are authorized to continue to meet.

5. The Court further ORDERS that except as modified herein, the provisions of Standing Order 2020-12 and Extension of Standing Order 2020-12 remain in full force and effect, until the Court orders otherwise.

6. The Court ORDERS that additional Orders or Extensions addressing Court Operations under the Exigent Circumstances Created by COVID-19 shall be entered as warranted, and that this Second Extension of Standing Order 2020-12 will expire no later than January 4, 2021.

DATED: September 23, 2020

Hon. Freda L. Wolfson
U.S. Chief District Judge
District of New Jersey